Allison C. Eckstrom, California Bar No. 217255
Christopher J. Archibald, California Bar No. 253075
Ethan W. Smith, California Bar No. 351624
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email:  allison.eckstrom@bclplaw.com
 christopher.archibald@bclplaw.com
 ethan.smith@bclplaw.com

Attorneys for Defendants
AEROSPACE DYNAMICS INTERNATIONAL, INC. and PRECISION CASTPARTS CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALEB MAYFIELD an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AEROSPACE DYNAMICS INTERNATIONAL, INC., a California corporation; PRECISION CASTPARTS, CORP., an Oregon corporation; EXPRESS SERVICES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS, a Colorado corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680 ODW (MARx)<br><br>**STIPULATION RE: ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND DISMISSAL OF CLASS CLAIMS PURSUANT TO FRCP RULES 23(e) AND 41(a)(2)**<br><br>Hon. Otis D. Wright, II<br><br>Courtroom: 5D<br><br>Complaint Filed: December 20, 2023<br>Answer Filed: January 24, 2024<br>Trial Date: Not Set |

    Pursuant to Fed. R. Civ. P. 23(e) and 41(a)(2), Plaintiff Kaleb Mayfield ("Plaintiff") and Defendants Aerospace Dynamics International, Inc. ("ADI"), Precision Castparts Corp., and Express Services, Inc. (collectively, "Defendants"), by and through their undersigned attorneys, file this Stipulation regarding arbitration of Plaintiff's individual claims against Defendants, and dismissal without prejudice of the class claims contained in the Complaint.

    The parties stipulate as follows:

    1.    ADI contends that on December 19, 2019, Plaintiff consented to its Dispute Resolution Policy (the "Arbitration Agreement"), a true and correct copy of which is attached hereto as Exhibit 1.

    2.    Plaintiff and Defendants agree to arbitrate Plaintiff's individual claims asserted in the Complaint pursuant to the terms of the Arbitration Agreement.

    3.    Plaintiff agrees to dismiss without prejudice all class claims contained in the Complaint and all requests for relief on behalf of the putative class, including but not limited to certification of any class.

    4.    No notice regarding this case has been issued to the putative class. Arbitration of Plaintiff's individual claims will not bind, and dismissal without prejudice of the class claims will not adversely affect the rights of, the putative class, nor should either require notice to the putative class.

    5.    The parties request the Court to issue an order that Plaintiff and Defendants shall arbitrate Plaintiff's individual claims asserted in the Complaint; that there is no prevailing party for purposes related to this dismissal, no party shall be entitled to recover attorneys' fees and/or costs based on this dismissal, and each party will bear its own attorneys' fees and/or costs incurred in connection with this stipulation for dismissal and this dismissal; and dismissing, without prejudice, all class claims contained in the Complaint and all requests for relief on behalf of the putative class, including but not limited to certification of any class.

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614-7276

| | | |
|---|---|---|
| Dated: March 4, 2024 | | Allison C. Eckstrom<br>Christopher J. Archibald<br>Ethan Smith<br>**BRYAN CAVE LEIGHTON PAISNER LLP**<br><br>By:   */s/ Christopher J. Archibald*<br>          Christopher J. Archibald<br>Attorneys for Defendants<br>AEROSPACE DYNAMICS INTERNATIONAL, INC. and PRECISION CASTPARTS, CORP. |
| Dated: March 4, 2024 | | Morgan Forsey<br>**ARENTFOX SCHIFF LLP**<br><br>By: _____<br>          Morgan Forsey<br>Attorneys for Defendant<br>EXPRESS SERVICES, INC. |
| Dated: March 4, 2024 | | Emil Davtyan<br>David Yeremian<br>Alvin B. Lindsay<br>Tania Fonseca<br>**D.LAW, INC.**<br><br>By: _____<br>          Tania Fonseca<br>Attorneys for Plaintiff<br>KALEB MAYFIELD |

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: March 1, 2024 | Allison C. Eckstrom |
| 4 | | Christopher J. Archibald |
| | | Ethan Smith |
| 5 | | **BRYAN CAVE LEIGHTON PAISNER LLP** |

By: _____
      Christopher J. Archibald

Attorneys for Defendants
AEROSPACE DYNAMICS
INTERNATIONAL, INC. and PRECISION
CASTPARTS, CORP.

Dated: March 1, 2024

Morgan Forsey
**ARENTFOX SCHIFF LLP**

By: _____*/s/ Morgan Forsey/*_____
      Morgan Forsey

Attorneys for Defendant
EXPRESS SERVICES, INC.

Dated: March 1, 2024

Emil Davtyan
David Yeremian
Alvin B. Lindsay
Tania Fonseca
**D.LAW, INC.**

By: _____*/s/ Tania Fonseca/*_____
      Tania Fonseca

Attorneys for Plaintiff
KALEB MAYFIELD

# **ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I, Christopher J. Archibald, attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

*/s/Christopher J. Archibald*
Christopher J. Archibald

# EXHIBIT 1

 ADI

Form 2.6

# Dispute Resolution Policy

Aerospace Dynamics International (the "Company") is committed to providing the best possible working conditions for its employees. Occasionally, differences may arise before, during or following an employee's employment with the Company. Arbitration provides a speedy, private and cost-effective procedure for resolving disputes. Your acceptance of or continuing employment with the Company constitutes acceptance of this Dispute Resolution Policy, meaning you and the Company mutually agree to resolve in binding arbitration any claim that, in the absence of this Policy, would be resolved in a court under applicable state or federal law.

**Exclusive Remedy**

Arbitration shall be the sole and exclusive remedy for any dispute, grievance, claim, or controversy of any kind or nature (a "claim") arising out of, related to, or connected with your employment application with the Company, your employment relationship with the Company, your engagement with the Company, and the termination of your employment relationship with the Company and which may be brought in state, federal or local court. This Policy applies to any claim, which you may have against the Company, any parent, subsidiary, or affiliated entity of the Company, or their respective managers, employees or agents. It also applies to any claim the Company, or any parent, subsidiary or affiliated entity of the Company may have against you.

**Claims Subject to Arbitration**

This Policy specifically includes (without limitation) all claims under or relating to any federal, state or local law, whether based on tort, contract, statute, regulation, equitable law or otherwise, including claims for discrimination, harassment or retaliation based on race, color, religion, national origin, sex, sexual orientation, gender identity, age, disability, medical condition, marital status or any other condition or characteristic protected by law; demotion, discipline, termination or other adverse action; and any claim for personal, emotional, physical, economic or other injury. In addition, this Policy applies to any claims for wages, compensation, overtime, bonuses, vacation, meal or rest periods, business expense reimbursement, payment of final wages, itemized wage statements and any other claims involving employee compensation. This Policy also applies to all claims for misappropriation of confidential information or trade secrets, unlawful competition, breach of the duty of loyalty or breach of fiduciary duty.

**You and the Company agree to bring any claim in arbitration on an individual basis only, and not on a class, collective, joint or representative basis. You understand this means that, to the maximum extent permitted by law, you waive any right to bring on behalf of persons other than yourself or to otherwise participate with other persons in, any class, collective, or representative action. You understand, however, that to the maximum extent permitted by law, you retain the right to bring claims in arbitration for yourself as an individual and only for yourself.**

**Should a court of competent jurisdiction find that the representative action waiver is unenforceable, the representative action claim(s) must be litigated in a civil court of competent jurisdiction. Similarly, should a court of competent jurisdiction find that the class or collective action waiver is unenforceable, the specific claims for which it is unenforceable must be litigated in a court of competent jurisdiction.**

**Claims Not Subject to Arbitration**

This Policy does not apply to any claims by you for workers' compensation benefits, unemployment insurance benefits or under a benefit plan where the plan specifies a separate arbitration or other procedure. This Policy also does not apply to any claims filed with an administrative agency which are not

Dated: 05/2016
768981.1

legally subject to arbitration under this Policy, or which are otherwise expressly prohibited by law from being subject to arbitration under this Policy. For example, this Policy does not preclude a party from filing claims or charges with, or participating in proceedings before, the Equal Employment Opportunity Commission, the United States Department of Labor or the National Labor Relations Board. Nothing in this Policy shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration. This Policy also does not preclude either party from applying to a court for a temporary restraining order or preliminary injunction to the extent provided by California Code of Civil Procedure section 1281.8.

**Procedure**

This Policy is governed by the Federal Arbitration Act and evidences a transaction involving interstate commerce. Any arbitration will be administered by Judicial Arbitration & Mediation Services, Inc. ("JAMS"), pursuant to its Employment Arbitration Rules & Procedures then in effect (the "JAMS Rules"), which are available at http://www.jamsadr.com/rules-employment-arbitration/, and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. You may also obtain a copy of the JAMS Rules from Human Resources. Any claim submitted to arbitration shall be decided by a single, neutral arbitrator, chosen according to JAMS Rules. You may retain counsel to represent you during the arbitration process or any portion of the arbitration process.

The party seeking arbitration must serve notice to the other party or parties of an intent to arbitrate by sending a written request for arbitration which will identify the nature of the claim(s), the statutory provision or legal theories under which the claim(s) are made, and generally the facts the complaining party intends to rely on to support the claim(s). Although any party may then contact JAMS, the complaining party is ultimately responsible for ensuring that JAMS is notified within ten (10) calendar days of the previously mentioned notice to arbitrate. The arbitrator shall apply the substantive federal, state, or local law and statute of limitations governing any claim submitted to arbitration. The parties shall be entitled to adequate discovery prior to the arbitration as determined by the arbitrator. In ruling on any claim submitted to arbitration, the arbitrator shall have the authority to award only such remedies or forms of relief as are provided for under the substantive law governing such claim. The arbitrator shall issue a written decision which shall include the essential findings and conclusions on which the decision is based. Judgment on the arbitrator's decision may be entered in any court of competent jurisdiction. All questions concerning the validity and operation of this Policy and the performance of the obligations imposed upon the parties shall be governed by the laws of the State of California. Any arbitration under this Policy shall be conducted in the county where you last worked for the Company, unless you and the Company agree in writing otherwise.

The Arbitrator, and not any federal or state court, shall have the exclusive authority to resolve any issue relating to the interpretation, formation or enforceability of this Policy, or any issue relating to whether a Claim is subject to arbitration under this Policy, except that any party may bring an action in any court of competent jurisdiction to compel arbitration in accordance with the terms of this Policy or to enforce an arbitrator's award. However, only a court of competent jurisdiction may determine any disputes about the enforceability of the class, collective or representative action waiver.

**Costs**

The Company shall bear all fees and costs unique to the arbitration forum (e.g., filing fees, transcript costs and Arbitrator's fees). The parties shall be responsible for their own attorneys' fees and costs, except that the Arbitrator shall have the authority to award attorneys' fees and costs to the prevailing party in accordance with the applicable law governing the dispute.

**Revocation and Modification**

While the Company generally reserves the right to modify or revoke its employment policies and practices at any time with or without notice, this Policy may not be modified or revoked except by a writing signed by the parties which specifically states an intent to modify or revoke this Policy. This Policy does not

create a contract of employment and does not in any way change the "at will" status of your employment. This Policy shall survive the termination of your employment with the Company.

**Reformation and Severability**

If any terms or sections of this Policy are determined to be unenforceable, they shall be automatically adjusted to the minimum extent necessary so that the unenforceable term or section is enforceable to the greatest extent possible.

**Opt Out Rights**

You may voluntarily opt out of this Policy within 30 days after signing the acknowledgment below, provided you follow the procedures in this paragraph. If you do not sign the acknowledgment below, the 30-day opt out period will begin on the date you receive notice of the Policy. In order to opt out of this Policy, you must email Human Resource Department at reyna.martinez@pccairframe.com; phillip.madayag@pccairframe.com or erica.trujillo@pccairframe.com and request the Opt Out Form. You must complete and sign the Opt Out Form and email it or return it to the Human Resource Department all within 30 days of the date that you sign this acknowledgment below, or if you do not sign this acknowledgement, within 30 days of your notice of this Policy. If you do not opt out in a timely manner following these procedures, you and the Company will be deemed to have mutually accepted the terms of this Policy. An employee who decides to opt out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to the Policy.

**Entire Policy**

This Policy supersedes all prior agreements, oral or written, and contains the entire agreement of the parties regarding arbitration of employment-related disputes, except for any arbitration agreement in connection with the Company's benefit plans.

**PLEASE READ THIS POLICY CAREFULLY. BY CONTINUING EMPLOYMENT WITH THE COMPANY WITHOUT OPTING OUT OF THE POLICY, YOU ARE AGREEING TO FINAL AND BINDING ARBITRATION OF ANY AND ALL DISPUTES BETWEEN YOU AND THE COMPANY INCLUDING WITHOUT LIMITATION, DISPUTES RELATED TO YOUR EMPLOYMENT WITH THE COMPANY AND TERMINATION THEREOF, AND ANY CLAIMS OF DISCRIMINATION AND HARASSMENT.**

**I ACKNOWLEDGE THAT I HAVE RECEIVED THE COMPANY'S DISPUTE RESOLUTION POLICY. I UNDERSTAND THAT I AM RESPONSIBLE FOR READING AND ABIDING BY THE POLICY. I UNDERSTAND THAT MY CONTINUED EMPLOYMENT CONSTITUTES ACCEPTANCE OF THE POLICY UNLESS I TIMELY EXERCISE MY RIGHT TO OPT OUT BY FOLLOWING THE OPT OUT PROCEDURES IN THIS POLICY. PLEASE EMAIL THIS POLICY AND THIS ACKNOWLEDGMENT TO REYNA.MARTINEZ@PCCAIRFRAME.COM OR PHILLIP.MADAYAG@PCCAIRFRAME.COM**

_____     12/19/2019_____
Employee Signature                              Date:

_____
Employee ID

3